UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.:

LAURA HURLEY,

      Plaintiff,

vs.

GLEN EAGLE GOLF &
COUNTRY CLUB, INC.,
A Florida Not For Profit
Corporation

      Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL WITH INJUNCTIVE AND DECLARATORY RELIEF REQUESTED**

COMES NOW the Plaintiff, **LAURA HURLEY** ("Ms. Hurley" or "Plaintiff"), by and through her undersigned counsel, and sues the Defendant, **GLEN EAGLE GOLF & COUNTRY CLUB INC.** ("GE" or "Defendant") and alleges the following:

**INTRODUCTION**

1. Plaintiff brings these claims for age discrimination against Defendant for its unlawful termination of Plaintiff based upon her age in violation the ADEA, Section 29 U.S.C. § 626 (b and c), and 29 U.S.C. § 623(a)(1) and the Florida Civil Rights Act ("FCRA"), Chapter 760, Fla. Stat.

## PARTIES

2. Plaintiff worked for Defendant from August 1, 2015, until March 8, 2020, as an assistant food and beverage manager

3. Plaintiff is protected by the ADEA because:

   a. She is a female over forty (40) years of age who suffered discrimination because of her age by Defendant; and

   b. She suffered an adverse employment action and was subjected to disparate treatment based on her age, including being fired because of discrimination by Defendant regarding her age.

4. Defendant is a Florida Not For Profit Corporation that is engaged in the golf, resort, and recreation industry.

5. At all times material, Defendant employed 20 or more employees.

6. Defendant is an employer as defined by 29 U.S.C. § 630(b).

## JURISDICTION AND VENUE

7. The Court has original jurisdiction over Plaintiff's ADEA claims pursuant to 28 U.S.C. § 1331 as they arise under federal law.

8. This court has supplemental jurisdiction over the FCRA claims as they arise out of the same facts and circumstances as the ADEA claim.

9. Venue is proper in the Fort Myers Division of the Middle District of Florida pursuant to Local Rule 1.02(b)(5) because Defendant conducts substantial

business in Naples, Florida, and Plaintiff worked for Defendant in Naples, Florida, where the actions at issue took place.

## CONDITIONS PRECEDENT

10. On or around August 16, 2020, Plaintiff dual filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging age discrimination and retaliation against Defendant.

11. On or around December 1, 2022, the EEOC mailed Plaintiff a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on her claims within 90 days of her receipt of the same.

12. More than 180 days have passed since the filing of the Charge of Discrimination.

13. Plaintiff timely files this action within the applicable period of limitations against Defendant.

14. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

15. Ms. Hurley, who is fifty-six (56) years of age, worked for GE as Assistant Food & Beverage Manager from August 1, 2015, until her unlawful and retaliatory termination on March 8, 2020.

3

16. In about September of 2019, GE installed a new General Manager, John Liberte.

17. Two (2) weeks after Mr. Liberte's arrival at GE, Mr. Liberte brought a new, young Food & Beverage Manager on board, Scott Bellavue.

18. In 2019, Mr. Liberte brought to the GE holiday party a significantly younger food and beverage manager with whom he had worked at a previous job, making it clear to Ms. Hurley that he aspired to install this person in her position.

19. As time went by, Mr. Bellavue began cutting Ms. Hurley out of the loop more and more.

20. Mr. Bellavue was dismissive to Ms. Hurley. Managers permitted staff underneath Ms. Hurley to be disrespectful towards her, without consequence.

21. Mr. Bellavue often got in Ms. Hurley's face and yelled at her.

22. Unable to withstand the discrimination she endured, Ms. Hurley objected to Controller, Earl Sanborn, that her managers' behavior was unlawful, discriminatory, and hostile.

23. Ms. Hurley also called Defendant's Human Resources department and left several messages, but she received no reply.

24. Despite her objections and the open harassment, no GE managers launched an investigation or inquiry into the discrimination being perpetrated by Plaintiff's managers.

25. On March 8, 2020, GE's discrimination and retaliation based on age culminated when Mr. Liberte informed Ms. Hurley that GE had terminated her employment, effective immediately.

26. Mr. Liberte told Ms. Hurley never to enter GE's property again.

27. It is no surprise to learn that GE swiftly replaced Ms. Hurley with a significantly younger man, who had formerly been a bartender.

28. It is clear that GE took this extreme adverse employment action against Ms. Hurley based on age and her objections to age discrimination.

29. Any contention to the contrary by GE is pure pretext.

30. The ADEA makes it "unlawful for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1); *see also Chapman v. AI Transp.*, 229 F.3d 1012, 1024 (11th Cir. 2000).

31. Under Florida law, age discrimination claims exist regardless of whether the person harmed is younger or older. That is, if age is a factor in an employment decision, including a hiring decision or a termination decision, it is illegal under Florida law. *See, e.g., City of Hollywood v. Hogan*, 986 So. 2d 634, 641 (Fla. 4th DCA 2008).

32. The fact that Ms. Hurley was immediately replaced by a significantly

younger replacement gives rise to a very strong inference of discrimination based on age. *See, e.g., Muller v. Hotsy Corp.*, 917 F. Supp. 1389, 1410 (N.D. Iowa 1996); *see also Beaver v. Rayonier, Inc.*, 200 F.3d 723, 729-30 (11th Cir. 1999).

33. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADEA/FCRA.

34. Defendant took adverse action toward older employees like Plaintiff but did not act similarly toward its younger counterparts for the same or similar offenses.

35. Defendant does not have a non-discriminatory rationale for its conduct, and the separation of Plaintiff's employment.

36. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, based upon the age discrimination and retaliation she endured at the hands of the Defendant.

37. Plaintiff has suffered damages, including, but not limited to, lost wages and benefits, compensatory damages, and emotional distress, as a result of Defendant's actions.

38. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## **COUNT I- VIOLATION OF THE ADEA BASED ON AGE DISCRIMINATION**

39. Plaintiff realleges and readopts the allegations contained in paragraphs 1-38 of the Complaint, as if fully set forth in this Count.

40. Plaintiff was over forty (40) years old when she was terminated.

41. Plaintiff was not terminated for cause.

42. Plaintiff was terminated only because of her age, and would not have been terminated, but for her age.

43. Defendant did not have a legitimate, non-discriminatory, reason for terminating Plaintiff.

44. Plaintiff was replaced by an employee who was substantially younger than Plaintiff.

45. Plaintiff's job duties were taken over by an employee significantly younger than Plaintiff who was less qualified than Plaintiff.

46. Plaintiff had more seniority than the employee who took over her primary job duties.

47. Defendant's termination of Plaintiff was willful and intentional and constitutes a reckless disregard for Plaintiff's rights.

48. Defendant had no good faith basis for terminating Plaintiff based on her age, and Plaintiff is entitled to liquidated damages based on these actions.

49. Prior to terminating Plaintiff, Defendant did not consult with the EEOC, Department of Labor, or legal counsel to determine whether Plaintiff's termination, based on her age, was in compliance with the ADEA.

## REQUEST FOR RELIEF- COUNT I

WHEREFORE, Plaintiff prays that this Court will:

50. Issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the ADEA;

51. Require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

52. Grant Plaintiff a judgment against Defendant for all lost wage and compensatory damages, including liquidated damages;

53. Award Plaintiff her reasonable attorney's fees and litigation expenses against Defendant pursuant to the ADEA.

54. Provide any additional relief that this Court deems just.

## COUNT II - RETALIATION UNDER THE ADEA BASED ON OBJECTION TO ILLEGAL PRACTICES

55. Plaintiff realleges and adopts the allegations contained in paragraphs 1-38 as if fully set forth in this Count.

56. The acts of Defendant by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing age

discrimination under the ADEA, 29 U.S.C. § 626 (b and c), and 29 U.S.C. § 623(a)(1) and (d).

57. The retaliation to which Plaintiff was subjected was based on her opposition to Defendant's illegal age discrimination.

58. The conduct of Defendant, its agents, and its employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

59. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

60. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

61. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

### **REQUEST FOR RELIEF- COUNT II**

WHEREFORE, Plaintiff prays that this Court will:

62. Issue a declaratory judgment that the discrimination against Plaintiff by

Defendant was a violation of Plaintiff's rights under the ADEA;

63. Require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

64. Grant Plaintiff a judgment against Defendant for all lost wage and compensatory damages, including liquidated damages;

65. Award Plaintiff her reasonable attorney's fees and litigation expenses against Defendant pursuant to the ADEA.

66. Provide any additional relief that this Court deems just.

### COUNT III- VIOLATION OF THE FCRA BASED ON AGE DISCRIMINATION

67. Plaintiff realleges and readopts the allegations contained in paragraphs 1-38 of the Complaint, as if fully set forth in this Count.

68. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against age discrimination under the Florida Civil Rights Act, Chapter 760, Fla. Stat.

69. Plaintiff was over forty (40) years old when she was terminated.

70. Plaintiff was terminated only because of her age, and would not have been terminated, but for her age.

71. Defendant did not have a legitimate, non-discriminatory, reason for terminating Plaintiff.

72. Plaintiff was replaced by an employee who was substantially younger than Plaintiff.

73. Plaintiff's job duties were taken over by an employee significantly younger than Plaintiff who was less qualified than Plaintiff.

74. Plaintiff had more seniority than the employee who took over her primary job duties.

75. Defendant had no good faith basis for terminating Plaintiff based on her age, and Plaintiff is entitled to liquidated damages based on these actions.

76. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter Defendant, and others, from such conduct in the future.

77. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

78. Prior to terminating Plaintiff, Defendant did not consult with the EEOC, Department of Labor, or legal counsel to determine whether Plaintiff's termination, based on her age, was in compliance with the FCRA.

79. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

### REQUEST FOR RELIEF- COUNT III

WHEREFORE, Plaintiff prays that this Court will:

80. Issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA;

81. Require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

82. Grant Plaintiff a judgment against Defendant for all lost wage and compensatory damages, including liquidated damages;

83. Award Plaintiff her reasonable attorney's fees and litigation expenses against Defendant pursuant to 760.11(5), Fla. Stat.

84. Provide any additional relief that this Court deems just.

### COUNT IV – VIOLATION OF THE FCRA BASED ON RETALIATION FOR OBJECTIONS TO AGE DISCRIMINATION

85. Plaintiff realleges and adopts the allegations contained in paragraphs 1-38 as if fully set forth in this Count.

86. The acts of Defendant by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing age

discrimination under Florida Civil Rights Act, Chapter 760, Fla. Stat.

87. The retaliation to which Plaintiff was subjected was based on her opposition to Defendant's illegal age discrimination.

88. The conduct of Defendant its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

89. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

90. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to § 760.11(5), Fla. Stat.

91. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

### **REQUEST FOR RELIEF- COUNT IV**

WHEREFORE, Plaintiff prays that this Court will:

92. Issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA;

93. Require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

94. Grant Plaintiff a judgment against Defendant for all lost wage and compensatory damages, including liquidated damages;

95. Award Plaintiff her reasonable attorney's fees and litigation expenses against Defendant pursuant to the FCRA.

96. Provide any additional relief that this Court deems just.

Dated this 13th day of February 2023.

            Respectfully submitted,

            By: **/s/ *Noah Storch***
            Noah Storch, Esq.
            Florida Bar No. 0085476
            Email: noah@floridaovertimelawyer.com
            RICHARD CELLER LEGAL, P.A.
            10368 W. SR. 84, 103
            Telephone: (866) 344-9243
            Facsimile: (954) 337-2771

            *Attorney for the Plaintiff*